# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00351-MR-WCM

| | |
|---|---|
| HEIDI BLISS DORF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| LAURA ZUCHOWSKI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1] and the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].  For the reasons that follow, the Court will grant the Plaintiff's Application but will dismiss this action for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On December 11, 2018, the Plaintiff filed this action against Laura Zuchowski, the director of the Vermont Service Center for the U.S. Citizenship and Immigration Services (USCIS).  In her Complaint, the Plaintiff challenges the decision to grant a I-360 application for citizenship filed by her estranged husband.  Specifically, the Plaintiff seeks "[t]he clearing of the Plaintiff's name as an abusive spouse" and the denial of her

estranged spouse's I-360 application based on spousal abuse claims. [Doc. 1 at 6].

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, the Plaintiff challenges the decision by the USCIS to grant a I-360 application for citizenship filed by her estranged husband. It appears from the Plaintiff's Complaint that her estranged husband applied for citizenship under 8 U.S.C. § 1154(a)(1)(A)(iii), which allows an alien to self-petition for an adjustment of immigrant status upon a showing that the alien was married in good faith to a United States citizen and that during the marriage, the alien was "battered" or subjected to "extreme cruelty" by the alien's spouse. 8 U.S.C. § 1154(a)(1)(A)(iii).

District courts have limited jurisdiction to review agency decisions in the immigration context. Specifically, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…." In deciding a battered spouse petition, the Attorney General is required to "consider any credible evidence relevant to the petition." 8 U.S.C. § 1154(a)(1)(J). Further, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." Id. Thus, the determination of the facts underlying the granting of the estranged husband's I-360 petition is not an issue that is subject to judicial review. See Lakhani v. U.S. Citizenship & Immigration Servs., 817 F. Supp. 2d 390, 393 (D. Vt. 2011) (holding that USCIS factual determinations regarding a battered spouse petition are not subject to judicial review).[1]

---

[1] A decision on a petition under § 1154 may be appealed to the Board of Immigration Appeals. See 8 C.F.R. § 1003.1(b)(5). However, it is unclear whether as a non-petitioning spouse, the Plaintiff would have standing to appeal the grant of her estranged spouse's petition.

For these reasons, the Court concludes that it lacks subject matter jurisdiction to hear the Plaintiff's claims. Accordingly, the Plaintiff's Complaint must be dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**, and this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: December 17, 2018

Martin Reidinger
United States District Judge